HARPER v. YOUNG.

Opinion delivered March 27, 1916.

LEASES—RESTRICTED USE OF PREMISES—CHANGES OF USE.—Y. leased a building to H., the lease providing that the premises be used as a saloon and dramshop, that all liquors sold by H. should be purchased from Y., and provided also that the premises could be used for any lawful purpose, upon the lessor's written consent. The sale of liquor became illegal in the city in which the premises were situated, and H. refused to pay further rent. *Held*, it was

H.'s duty to apply to Y. for permission to use the premises for purposes other than as a saloon and dram shop; that if Y. had refused this permission that the lease would have terminated, otherwise it remained in force, and H. was liable for the stipulated rent.

Appeal from Sebastian ·Circuit Court; *Paul Little,* Judge; affirmed.

### STATEMENT BY THE COURT.

In this case appellee, as administratrix of the estate of D. J. Young, sued appellant for the sum of $1,000 for rent of a certain building in the city of Ft. Smith under a lease executed by the said Young to appellant on November 15, 1910. The lease provides:

"That said premises shall be used for the purpose of a saloon and dramshop, provided that they may be used for any other legal purpose with the written consent of the said lessor."

Written in the body of this lease was the further agreement:

"Lessee further agrees that during the term of this lease he will purchase all of the beer that he uses in said saloon or sells therefrom both bottled and keg beer from the said lessor and from no one else, and failure or refusal to so purchase said beer from said lessor as aforesaid shall forfeit all of lessee's rights under this lease, and same shall at once become void at option of said lessor and be of no further force and effect, and lessor may without process of law or notice enter into said premises and eject lessee."

It was conceded that the rent for the four months beginning September 1, 1914, and ending January 1, 1915, was not paid by appellant, and it was also conceded that the operation of saloons in Fort Smith was prohibited by order of the court under the provisions of the Going Act, and that said order became effective August 1, 1914. Appellant paid the rent for the month of August, but shortly after the first of the month vacated the premises, and so notified the lessor, and mailed him the keys to the premises, but the letter containing the keys was returned unopened.

Young was not engaged in the real estate business and was not the owner of the building, but had rented it from the owner and had sub-rented it to appellant, who had used it only for the purpose of running a saloon. Young was the local agent of a brewery and was interested in having a tenant who would buy the beer sold by him. A conversation occurred between appellant and deceased, after the city had gone dry, in which appellant asked about the lease, and Young said that so far as he was concerned the lease would be all right, whereupon appellant said, "What about Mr. Wyatt (the owner of the building)?" and there was some evidence about a statement by Young that he would not charge rent unless Wyatt charged him; but no attempt was made to show that anything was said about using the building for any other purpose.

At the conclusion of the evidence the court directed the jury to return a verdict for appellee for the sum sued for, and this appeal has been duly prosecuted from that judgment.

*Thos. B. Pryor,* for appellant.

1. It was the intention of the parties that the premises should be used for a saloon and no other purpose. It was error to direct a verdict. 45 Ark. Law Rep. 245; 113 S. W. 67; 90 Ark. 461; 15 *Id.* 286.

*Ben Cravens* and *John H. Vaughan,* for appellee.

1. The lease expressly provided that the building may be used for any other lawful purpose, etc. 118 Ark. 239, does not apply here. Appellant could have used the building and did so use it for other lawful purposes. The court properly directed a verdict.

SMITH, J., (after stating the facts). It is insisted on the part of the appellant that we have here a contract similar to the one which we construed in the case of *Kahn* v. *Wilhelm,* 118 Ark. 239, 177 S. W. 403, and that this case is controlled by the rule there announced. But we do not agree with counsel in this contention. The contracts are not similar. In the case of *Kahn* v. *Wil-*

*helm,* we said of the lease there construed that the parties to it had agreed and covenanted that the property should be used as a hotel and saloon, and for no other purpose whatever, and that in construing the lease we had no right to strike out one of the terms there employed. It was there argued that the building could be used for a hotel, even though no saloon was kept there, and that the property had other usable value. But in answer to this argument, it was said that the lease was not a general one, but a special one for the purpose of operating a hotel and saloon, and we construed that instrument as leasing the building for a single purpose, that purpose being the operation of a hotel and saloon.

The lease now under consideration does not provide as did the lease in the *Kahn* v. *Wilhelm* case, that the building should be used for certain purposes only. In fact, it appears to have been contemplated that some other use of the building might be desired, in which event such permision could be obtained by the written consent of the lessor, the lessee paying any increased rate of insurance caused by the change of business. It is true the parties to the lease in the *Kahn* v. *Wilhelm* case might have agreed to some other use of the premises, but the contract contemplated no such agreement, and the agreement, if made, would have been a new one outside of the original contract. Here the contract contemplates the possibility of a change in the use of the premises, and provides a manner in which that change may be accomplished. The provision in the lease requiring appellant to purchase beer from his lessor was inserted for the purpose of requiring appellant to buy beer from his lessor, so long as he operated a saloon in the building, and it has no other effect.

Appellant proceeded on the theory that his lease was for one purpose only, and acted upon that theory in returning the keys without attempting to use the building for other purposes or asking if that could be done. His liability depends upon the correctness of his interpretation of the contract, for he stood upon that interpreta-

tion in returning the keys without attempting to use the building for some other purpose, or inquiring if he could do so. We think he should have made some other use of the building, or should have asked if this might be done, and if this permission had been refused he would, of course, have been absolved from any obligation to pay the rent. But not having done so we must hold that the court properly directed a verdict against him for the rent due under his contract.

It is true this contract required appellant to obtain the written consent of the lessor before engaging in any other business except the operation of a saloon, but the insertion of this provision shows that the parties contemplated that such a request might be made and the terms, upon which it would be granted. While this permission might not have been granted, it can not be assumed that it would certainly have been refused, and we conclude, from the insertion of the provision, that the parties contemplated the probability of this request being made, and had not contracted for a single use of the building as was done in the case of *Kahn* v. *Wilhelm, supra.*

The judgment is, therefore, affirmed.